IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAVID C. GEVAS, #B-41175,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 11–cv–352–MJR–SCW |
| | ) |
| **T. COX and L. WALTERS,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

Before the Court are two motions filed by Plaintiff and one motion filed by Defendants. Specifically, Plaintiff has filed a Motion to Strike Defendants Motion for Summary Judgment (Doc. 23). Plaintiff seeks to strike Defendants' motion for summary judgment (Doc. 20) because Defendants did not assert exhaustion of administrative remedies as an affirmative defense in their Answer. In response to that motion, Defendants filed a Motion for Leave to File an Amended Answer and Affirmative Defenses (Doc. 24) in which Defendants argued that they had only discovered that exhaustion was an issue after conducting discovery in light of the trial practice schedule, but neglected to amend their Answer prior to filing their motion for summary judgment. Defendants asked for leave to file their amended answer and stated that such motion was not in bad faith and would not prejudice Plaintiff. In response to that motion, Plaintiff filed his Amended Motion to Strike [and] Response in Opposition to Defendants Motion for Leave to File (Doc. 26). Plaintiff insists that he has exhausted his administrative remedies and maintains that Defendants should not have filed the motion as they failed to raise exhaustion as an affirmative defense.

While Plaintiff maintains that Defendants' motion for summary judgment (Doc. 20)

should be stricken for failure to raise exhaustion in their Answer, Defendants have asked for leave to amend their Answer to include exhaustion as an affirmative offense. Under **FEDERAL RULE OF CIVIL PROCEDURE 15(a)(2)**, "a party may amend its pleading only with...the court's leave. The court should freely give leave when justice so requires." Here, Defendants state that the failure to list exhaustion in their original answer was due in part because they had not conducted enough discovery to determine if exhaustion of administrative remedies was a proper defense in this case. Further, they note that the failure to seek to file an amended answer before filing their motion for summary judgment was a mere oversight on their part. The Court finds that justice requires an amendment in this case as it does not appear that Defendants were acting in bad faith by not adding the claim in their Answer or seeking leave to amend sooner. Further, Plaintiff has failed to point to any prejudice that he might suffer by allowing the amendment. Contrarily, the Court finds that Plaintiff will not be unduly prejudice by an amended answer as there is a pending summary judgment on the issue of exhaustion and Plaintiff is aware that Defendants are claiming that affirmative defense. Therefore, the Court **GRANTS** Defendants motion to amend (Doc. 24). Defendants will have up to and including **October 3, 2011** in which to file their Amended Answer. In light of the Court's Order granting the motion to amend, the Court **FINDS as moot** Plaintiff's motions to strike (Docs. 23 & 26). Plaintiff will have up to and including **October 11, 2011** in which to file a responsive pleading to Defendants' motion for summary judgment.

IT IS SO ORDERED.

DATED: September 27, 2011.

/s/ *Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge