IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID C. GEVAS, #B-41175, )
                   Plaintiff, )
vs. ) Case No. 11-cv-0352-MJR-SCW
TERRENCE COX and LISA WALTERS, )
                   Defendants. )

MEMORANDUM AND ORDER

REAGAN, District Judge:

    A.    <u>Introduction and Factual/Procedural Background</u>

David Gevas, currently an inmate in the Stateville Correctional Center in Joliet, Illinois, brings this action, pursuant to 42 U.S.C. § 1983, for deprivation of his constitutional rights allegedly suffered while he was incarcerated at Lawrence Correctional Center in Sumner, Illinois. On April 22, 2011, Count 2 of Gevas's original complaint was severed into this new case, which comprises claims against Terrence Cox and Lisa Walters "for retaliation for cell placement grievances, and for hunger strike" (Doc. 2). *See Gevas v. Ryker,* Case No. 10-cv-0493-MJR-SCW. The Court will briefly summarize Gevas's factual allegations, which are fully set out in the Court's threshold order (Doc. 2) and in United States Magistrate Judge Steven C. Williams' Report and Recommendation (R&R) (Doc. 39).

Gevas alleges that Walters retaliated against him for filing grievances against her by placing him in a cell with Williams, an intensely foul-smelling inmate with extremely poor personal hygiene habits. When Lieutenant Jennings told Gevas that he had to stay in the cell with Williams for two weeks, Gevas began a hunger strike to protest Walters' retaliating against him by assigning

1

him to this cell. Gevas stopped his hunger strike when Derwin Ryker (Defendant in the original action, 10-cv-0493) told him he would be placed in a different cell, but within three days he was returned to the cell he shared with Williams. He again commenced a hunger strike to protest retaliation by Cox, Walters and Ryker. Cox placed Gevas in segregation for refusing housing and issued Gevas a disciplinary report (IDR). According to Gevas, Cox issued the IDR in retaliation for Gevas' filing grievances and going on a hunger strike.

In August 2011, Walters moved for summary judgment pursuant to Federal Rule of Civil Procedure 56 (Docs. 20, 21). Walters contends that Gevas failed to exhaust his administrative remedies as to his retaliation claim against her because she is not named or described in the grievances. On October 14, 2011, Gevas filed his response to the motion, submitting that even though he had not known Walters' name when he filed his grievances, he adequately identified her as "the placement officer" (Doc. 30). He also contends that the counselor understood that the grievance referred to Walters because his response was "Placement Office will place you...."

The motion was referred to Judge Williams, who submitted an R&R recommending that the undersigned District Judge find that Gevas failed to exhaust his administrative remedies as to Walters, grant her motion for summary judgment and dismiss without prejudice the claims against her. On December 12, 2011, Gevas filed a timely objection to the R&R.

Accordingly, the Court will undertake *de novo* review of the portions of the Report to which specific objection was made. **28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); Southern District of Illinois Local Rule 73.1(b);** *Govas v. Chalmers*, **965 F.2d 298, 301 (7th Cir. 1992)**. The Court may accept, reject or modify the recommended decision, or recommit the matter to the Magistrate Judge with instructions. **FED. R. CIV. P. 72(b); Local Rule 73.1(b);** *Willis v.*

2

*Caterpillar, Inc.*, **199 F.3d 902, 904 (7th Cir. 1999).**

Gevas' objection to Judge Williams' Report focuses on whether Gevas exhausted his administrative remedies as to Walters by describing her in sufficient detail in his grievances. On this point, the undersigned District Judge conducts *de novo* review.

B. Analysis

As an initial matter, the Court agrees with Judge Williams' determination that no *Pavey* hearing is necessary because no material facts are in dispute relating to exhaustion, and the issue presented is solely a legal question. Although the Seventh Circuit Court of Appeals in *Pavey* included a hearing as one of the steps in determining whether the plaintiff had satisfied the exhaustion requirement, "there is no reason to conduct an evidentiary hearing" in a "situation [where] there are no disputed facts regarding exhaustion, only a legal question." ***Doss v. Gilkey,* 649 F.Supp.2d 905, 912 (S.D.Ill. 2009),** *citing Pavey v. Conley,* **544 F.3d 739 (7th Cir. 2008)**. The materials before the Court establish that Gevas did not name or describe Walters in the grievances for which he completed the three-step process.

In her August 22, 2011 motion, Walters seeks summary judgment on the ground that Gevas did not exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"). The PLRA mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 ... until such administrative remedies as are available are exhausted." ***Maddox v. Love,* 655 F.3d 709, 720-21 (7th Cir. 2011),** *quoting* **42 U.S.C. § 1997e(a)**. "Section 1997e(a) requires 'proper exhaustion'; that is, the inmate must file a timely grievance utilizing the procedures and rules of the state's prison grievance process." ***Id., quoting Woodford v. Ngo,* 548 U.S. 81, 90, 93 (2006) (additional citation omitted)**. "The 'applicable procedural rules' that a prisoner must

properly exhaust are defined not by the PLRA, but by the prison grievance process itself. ***Id.* (citation omitted)**. The exhaustion requirement serves a vital purpose – providing the prison system with prompt notice of problems and giving prison officials an opportunity to address situations internally, before resort to litigation. ***Smith v. Zachary*, 255 F.3d 446, 450-51 (7th Cir. 2001),** *cert. denied*, **535 U.S. 906 (2002).**

If a prisoner fails to exhaust his administrative remedies before filing suit, the district court must dismiss the complaint without reaching the merits of the suit. ***Perez v. Wisconsin Dep't of Corrections*, 182 F.3d 532, 536-37 (7th Cir. 1999). *Accord Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002)("Exhaustion of administrative remedies, as required by § 1997e, is a condition precedent to suit.").**

To properly exhaust administrative remedies, a prisoner must take *all* steps required by the prison's grievance system. ***Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).**[1] However, if prison officials fail to respond to inmate grievances or indefinitely delay their response, the remedies will be rendered "unavailable," and an inmate must only exhaust those administrative remedies which are available to him. ***Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002)("we refuse to interpret the PLRA 'so narrowly as to ... permit [prison officials] to exploit the exhaustion requirement through indefinite delay in responding to grievances.'").**

The Illinois Department of Corrections ("IDOC") employs a three-step procedure for

---

[1] Because exhaustion is a precondition to filing suit, a prisoner's attempt to exhaust available administrative remedies in the *midst* of litigation will not suffice. ***See Ford*, 362 F.3d at 398; *Perez*, 182 F.3d at 536-37.**

resolving inmate grievances.  *See Dixon v. Page*, **291 F.3d 485, 488 (7th Cir. 2002); 20 Ill. Admin. Code § 504.800, *et seq.* (1998).**  At step one, the inmate presents his complaint to a correctional counselor.  **20 Ill. Admin. Code § 504.810.  *See also* IDOC Rule 504F: Grievance Procedures for Committed Persons.**

If that fails to resolve the problem, then step two entails the inmate submitting a written grievance on a designated form within a specified period of time to the facility's Grievance Officer.  After investigating, the Grievance Officer forwards his conclusions to the Chief Administrative Officer ("CAO").  The CAO's decision then is submitted to the inmate who filed the grievance.  *Id.*

If the inmate still is unsatisfied, step three is an "appeal" in writing to the Director of the IDOC by submitting the Grievance Officer's report and the CAO's decision to the Administrative Review Board ("ARB").  The ARB examines the documents, determines whether a hearing is needed, may interview the inmate and may call witnesses.  Ultimately, the ARB submits a written report of its findings to the Director of the IDOC who makes a final decision on the grievance.  *Id.*  Copies of the ARB's report and the Director's final decision are sent to the inmate who filed the grievance, and the originals are kept in the ARB's files.

The Illinois Administrative Code requires that the grievance "contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint."  **20 Ill. Admin. Code § 504.810(b)**.  If names of individuals are unknown to the offender, he can still file the grievance, but he "must include as much descriptive information about the individual as possible." *Id.*

In the case at bar, to support Walters' contention that Gevas failed to identify her in any grievance that was appealed to the ARB (step three of the exhaustion process), Walters submits the affidavit of Sarah Johnson, Chairperson for the Office of Inmate Issues for the IDOC, otherwise known as the ARB. In her role as Chairperson of the ARB, Johnson's duties involve reviewing and responding to inmate grievances. At the request of the Illinois Attorney General's Office, Johnson searched the ARB records and discovered two grievances regarding the placement of Gevas with Williams in December 2008.

When Chairperson Johnson reviewed the ARB records for grievances filed by Gevas related to his cell assignment and the disciplinary ticket issued on December 15, 2008, she found two grievances received by the ARB on March 30, 2009 (Ex. A at ¶¶ 6-7). The first grievance (01-09-025) ("#025") was dated December 15, 2008, and had a March 13, 2009 Grievance Officer's Report with it (*Id.*). The second grievance (01-09-056) ("#056") was dated December 17, 2008, and had a Grievance Officer's Report with it that was dated March 17, 2009. (*Id.*) Both of these grievances were addressed by the ARB.

Grievance #025 claimed that Gevas was intentionally and for retaliatory reasons assigned to share a cell with Williams, whose intense smell of body odor, urine and feces made Gevas ill. Although Gevas mentions various corrections personnel in this grievance, there are no allegations against Walters, nor is she described, e.g., by an allegation against the placement office or placement officer. Gevas points to the counselor's statement, "The placement office will place you in a cell where you and the other inmate fit criteria to be celled together." He contends that this statement shows that the counselor understood his grievance to be directed at the placement office and, consequently, at Walters. The Court disagrees. The counselor's simple statement of fact does

6

not show that the counselor understood that Gevas was making a claim against the placement office in general or Walters in particular.

Grievance #056 claimed that Lieutenant Cox wrote Gevas a false and retaliatory IDR for disobeying a direct order. The issue arose from Gevas' hunger strike and his refusal to be returned to the cell he shared with Williams. This grievance involves only Cox; again, there are no allegations against Walters nor any descriptive information that would lead officials to believe the grievance was against her.

Having carefully reviewed the record *de novo*, the Court concludes (as did Magistrate Judge Williams) that summary judgment should be granted at this time. Summary judgment is proper if the pleadings, depositions, interrogatory answers, admissions, and affidavits leave no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. **FED. R. CIV. P. 56(c).** The moving party bears the burden of establishing both the absence of fact issues and entitlement to judgment as a matter of law. ***Santaella v. Metropolitan Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997).**

In determining whether a genuine issue of material fact exists, the Court reviews the record in the light most favorable to the non-moving party and makes all reasonable inferences in the non-movant's favor. ***Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Ulichny v. Merton Community School Dist.*, 249 F.3d 686, 699 (7th Cir. 2001).** Reviewing the record in the light most favorable to Gevas and drawing all reasonable inferences in his favor, the Court concludes
that no material issues of fact remain and that Walters is entitled to judgment as a matter of law.

C. **Conclusion**

7

The Court **ADOPTS in its entirety** Judge Williams' November 29, 2011 Report and Recommendation (Doc. 39), **GRANTS** Walters' summary judgment motion (Doc. 20), and **DISMISSES without prejudice** Walters as a Defendant herein.

IT IS SO ORDERED.

DATED this 23rd day of December, 2011

s/ Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge