IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID GEVAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11-CV-0352-MJR-SCW |
| | ) |
| TERRENCE COX and LISA WALTERS, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

Reagan, District Judge:

In July 2010, David Gevas filed a *pro se* complaint in this United States District Court, pursuant to 42 U.S.C. § 1983, for deprivations of his constitutional rights arising out of several incidents that occurred while Gevas was housed in Lawrence Correctional Center.  *See Gevas v. Ryker,* Case No. 10-cv-0493-MJR (S.D.Ill.).  Upon review of the complaint, the Court determined that the claims against Defendants Walters and Cox in Count 2 and the claim against Defendant Hoskinson in Count 4, were not sufficiently related to the claims against the other Defendants so as to allow them to proceed together in one lawsuit. *See George v. Smith*, **507 F.3d 605, 607 (7th Cir. 2007) (separate, unrelated claims belong in different suits)**.  The Court concluded that Counts 2 and 4 should be severed into two new cases with additional filing fees assessed for each.  The Court advised Gevas that he could, within 45 days, move to voluntarily dismiss Counts 2 and 4 without prejudice in order to avoid paying these additional fees.  Gevas requested that Count 4 be dismissed; however, he did not request dismissal of

1

Count 2. Consequently, on April 22, 2011, the Court opened the instant action against Walters and Cox.

Walters moved for summary judgment, and, on November 29, 2011, United States Magistrate Judge Stephen C. Williams filed a Report and Recommendations recommending that the motion be granted (Doc. 39). Gevas filed a timely objection, and the Court undertook *de novo* review.

In a detailed Order entered December 22, 2011, the Court concluded that Gevas had failed to exhaust his administrative remedies as to his claims against Walters. As a result, the Court granted Walters' summary judgment motion and dismissed her as a Defendant in this action. Dismissal was without prejudice.

By motion filed January 11, 2011, Gevas seeks reconsideration of the dismissal Order. Gevas's motion seeks relief "pursuant to 59(e) and/or Rule 60(b)" of the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 59(e), as amended in December 2009, authorizes the filing of a motion to alter or amend judgment "no later than 28 days after the entry of the judgment." The Court granted summary judgment as to Walters on December 22, 2011, and Gevas's motion was filed January 11, 2012, so it fits within the Rule 59(e) timetable. But Gevas has demonstrated no basis warranting Rule 59(e) relief.

Although Rule 59(e) itself does not list the grounds for altering or amending a judgment, caselaw has supplied them. The United States Court of Appeals for the Seventh Circuit has recognized only three valid grounds supporting grant of a Rule 59(e) motion: (1)

2

newly-discovered evidence, (2) an intervening change in the law, and (3) a manifest error of law or fact.  ***See, e.g., Obriecht v. Raemisch,*** **517 F.3d 489, 494 (7th Cir.),** ***cert. denied,*** **129 S. Ct. 417 (2008);** ***Sigsworth v. City of Aurora, Illinois*****, 487 F.3d 506, 511-12 (7th Cir. 2007);** ***Cosgrove v. Bartolotta*****, 150 F.3d 729, 732 (7th Cir. 1998).**

A motion to alter or amend judgment should be used "to draw the district court's attention to a manifest error or law or fact or to newly discovered evidence."  ***United States v. Resnick*****, 594 F.3d 562, 568 (7th Cir. 2010).**  In ***Resnick***, the Court emphasized that Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce ... evidence or arguments that could and should have been presented to the district court prior to the judgment." ***Id., quoting Bordelon v. Chicago School Reform Board of Trustees*****, 233 F.3d 524, 529 (7th Cir. 2000).**

In ***County of McHenry v. Insurance Co. of the West*****, 438 F.3d 813, 819 (7th Cir. 2006),** Judge Flaum similarly explained:

> "A court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available [prior to judgment] or if the movant points to evidence in the record that clearly establishes a manifest error or law or fact"….  But a Rule 59(e) motion "is not appropriately used to advance arguments or theories that could ... have been made before the district court rendered a judgment."

***Id., quoting Matter of Prince*****, 85 F.3d 314, 324 (7th Cir. 1996), and** ***LB Credit Resolution Trust Corp.*****, 49 F.3d 1263, 1267 (7th Cir. 1995).**

Manifest error has been defined as "wholesale disregard, misapplication, or failure to recognize controlling precedent" on the part of the court.  ***Oto v. Metro. Life Ins. Co.*****,**

3

**224 F.3d 601, 606 (7th Cir. 2000).** So, for example, Rule 59(e) relief is appropriate where the court seriously misunderstood the facts or simply refused to apply controlling law. *See* FEDERAL CIVIL RULES HANDBOOK, BAICKER-MCKEE, JANSSEN AND CORR **(2010), pp. 1133**. Clearly, though, the disappointment or surprise of the losing party does not constitute manifest error. *Oto*, **224 F.3d at 606.**

In the case *sub judice*, Gevas falls far short of satisfying the standard for Rule 59(e) relief. He has identified no controlling precedent which this Court ignored, overlooked or failed to follow. He has neither identified any manifest error of fact by the undersigned Judge, nor identified newly discovered evidence that was unavailable prior to the Court's granting summary judgment in favor of Walters.

Gevas's argument that the undersigned Judge found that he had exhausted his administrative remedies in his preliminary review order fails because the paragraphs to which Gevas cites refer to his own allegations and admissions, not to this Court's findings.

Gevas also argues that Walters waived the issue of failure to exhaust administrative remedies because she did not raise it in her answer as an affirmative defense. Gevas is correct that failure to exhaust remedies is an affirmative defense that must be pled in response to a preceding pleading. **Fed. R. Civ. P. 8(c***); Massey v. Helman***, 196 F.3d 727, 735 (7th Cir. 1999)**. However, Walters' failure to raise the defense in her initial answer is not fatal in this instance because she filed an amended answer which included failure to exhaust as an affirmative defense (Doc. 29). ***See Hall v. Operative Plasterers' And Cement Masons' Intern. Ass'n Local Union 143***, **188 F.Supp.2d 1013, 1018 (S.D.Ill. 2001)**("Under liberal federal

4

**pleading amendment standards, a court may allow a defendant to amend its answer to add with the requisite specificity the failure to exhaust affirmative defense and thereby to properly bring the defense before the court.")**.

Lastly, Gevas asserts that he amended his grievances to give a complete picture of the events that gave rise to them and by these amendments exhausted his grievances as to both Walters and Cox.  First, grievances against Cox are not at issue.  Second, the only grievance that specifically refers to "the placement officer" does not allege retaliation (Doc. 46-1, p. 2).  It simply states that in November 2008, Gevas wrote six requests to the placement officer, two written and many verbal requests to Lt. Ochs and one written and one verbal request to Assistant Warden Hodge, seeking to be moved to a different cell because of his "complete incompatibility" with his cellmate, who repeatedly woke him during the night (*Id.*).  Even if the Court accepts Gevas's contention that he properly and timely amended his grievances, the Court finds nothing therein that identifies Walters as retaliating against Gevas.

In sum, Gevas falls far short of satisfying the standard for Rule 59(e) relief.  He has identified no controlling precedent which this Court ignored, overlooked or failed to follow, and he has identified no manifest error of fact made by the Court.

Analyzed under Rule 60(b), Gevas's motion fares no better.  Rule 60(b) allows a district court to relieve a party from an order or judgment on several narrow grounds, including mistake, inadvertence, surprise, excusable neglect, certain newly discovered evidence, fraud and "any other reason that justifies relief."

A Rule 60(b) motion *cannot* be used to correct legal errors, mistakes or blunders. **Cash v. Illinois Division of Mental Health**, 209 F.3d 695, 698 (7th Cir. 2000)(movant's arguments "cannot be shoe-horned into grounds for Rule 60(b) relief.").  Rather, Rule 60 only lets courts "overturn decisions where 'special circumstances' justify an 'extraordinary remedy.'" **Cash,** 209 F.3d at 698.

The Seventh Circuit has emphasized that Rule 60(b) imposes an "exacting standard" under which the movant must demonstrate exceptional circumstances to prevail. **Romo v. Gulf Stream Coach, Inc.,** 250 F.3d 1119, 1121 n.3 (7th Cir. 2001).  Clearly, a Rule 60(b) motion may not be used as a substitute for an appeal or to rehash the merits of arguments previously raised by the parties and rejected by the Court.  See **Stoller v. Pure Fishing, Inc.**, 528 F.3d 478, 479-80 (2008)(Rule 60(b) motion could not be used as substitute for an appeal); **Bell v. Eastman Kodak Co.**, 214 F.3d 798, 800-01 (7th Cir. 2000)("The ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of a direct appeal.").

In the instant case, Gevas's grounds, fully addressed above, are essentially a rehash of points he raised and "lost" in this Court's prior ruling.  Other contentions are simply factually or legally incorrect.  In short, Gevas has identified no ground satisfying the "extraordinary requirements for Rule 60(b) relief, which is granted only in exceptional circumstances."  **Collins v. Illinois**, 554 F.3d 693, 697 (7th Cir. 2009), *citing Harrington v. City of Chicago***,** 433 F.3d 542, 546 (7th Cir. 2006).

For all these reasons, the Court **DENIES** Gevas's motion for relief from judgment (Doc. 46).

IT IS SO ORDERED.

DATED February 16, 2012

                                                    s/Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge