IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID GEVAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.   11-cv-352-MJR-SCW |
| | ) |
| TERRENCE COX and LISA WALTERS, | ) |
| | ) |
| Defendants. | ) |

**REPORT and RECOMMENDATION**

**WILLIAMS, Magistrate Judge:**

This case is before the Court on Plaintiff's Motion for Voluntary Dismissal of Defendant Lisa Walters without prejudice pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)** (Doc. 164). The matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge Michael J. Reagan pursuant to **28 U.S.C. §§ 636(b)(1)(B) and (c), FEDERAL RULE OF CIVIL PROCEDURE 72(b),** and **LOCAL RULE 72.1(a).** Specifically, Plaintiff seeks to dismiss his claims against Defendant Walters as he believes there is not enough evidence to support his retaliation claim against Defendant at this time. Defendant has filed a Response (Doc. 165) stating that while she does not object to the motion, she requests that should Plaintiff file his claim against in this Court that he be subject to **FEDERAL RULE OF CIVIL PROCEDURE 41(d).** It is **RECOMMENDED** that the District Court **ADOPT** the following findings of fact and conclusions of law, and **GRANT** Plaintiff's Motion for Voluntary Dismissal (Doc. 164) and **DISMISS** Plaintiff's claims against Defendant Walters **without prejudice** and without costs to either party. However, the undersigned **RECOMMENDS** that the Court impose certain conditions should Plaintiff re-file his case against Defendant Walters.

Plaintiff seeks to dismiss his claim pursuant to **FEDERAL RULE OF CIVIL**

**PROCEDURE 41(a)(2)**. Rule 41(a)(2) allows an action to be dismissed "at the plaintiff's request only by court order, on terms that the court considers proper." It is within the Court's sound discretion in determining whether to dismiss a case voluntarily under Rule 41(a)(2). *Kunz v. DeFelice*, **538 F.3d 667, 677 (7th Cir. 2008) (citing** *Tyco Labs, Inc. v. Koppers***, Co., 627 F.2d 54, 56 (7th Cir. 1980))**. Here, Defendant Walters does not object to Plaintiff's request for voluntary dismissal without prejudice. However, given the stage of the litigation and the extensive discovery in this case, Defendant requests that should Plaintiff re-file this matter against Defendant Walters that he be required to pay all costs pursuant to Rule 41(d)(1) and that the matter be stayed until such costs are paid. **FED.R.CIV.P. 41(d)(1)-(2).** Defendant also requests that should Plaintiff re-file his case, that discovery not be re-opened in the subsequent case.

Pursuant to **Rule 41(d)**, if a plaintiff who dismissed a prior case seeks to file that action again, the court: "may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied." While the undersigned acknowledges that Rule 41(d) allows for Defendant's request that Plaintiff be required to pay all costs and allows for a stay in the case until such compliance occurs, nothing in Rule 41(d) provides for Defendant's requested relief regarding discovery. Thus, the undersigned **FINDS** that Defendant's request to keep discovery closed in the subsequent case should be **DENIED** as nothing in the rules provides for this condition.

Accordingly, the undersigned **RECOMMENDS** that the Court **GRANT** Plaintiff's motion to voluntarily dismiss the claims against Defendant Walters and **DISMISS without prejudice** Plaintiff's retaliation claim against Defendant Walters without costs assessed to either party. The undersigned also **RECOMMENDS** that, should Plaintiff attempt to file a new claim on these same allegations in the future, that the Court **ORDER** Plaintiff to comply with the terms of Rule 41(d) in that Plaintiff be ordered to pay all of the costs of the previous action and that the proceedings of the

new case be stayed until such time that Plaintiff complies with the Court's Order.

Pursuant to **28 U.S.C. § 636(b)(1)** and **Local Rule 73.1(b),** the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals**.** *See, e.g., Snyder v. Nolen***, 380 F.3d 279, 284 (7th Cir. 2004).** Accordingly, Objections to this Report and Recommendation must be filed on or before **March 11, 2013**.

**IT IS SO ORDERED**.

DATED: February 22, 2013.

/s/ Stephen C. Williams
STEPHEN C. WILLIAMS
United States Magistrate Judge