IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID GEVAS, )
)
    Plaintiff, )
)
v. ) Case No. 11-cv-0352-MJR
)
TERRENCE COX and LISA WALTERS, )
)
    Defendants. )

## MEMORANDUM AND ORDER

REAGAN, District Judge:

In July 2010, David Gevas filed a *pro se* complaint in this United States District Court, pursuant to 42 U.S.C. § 1983, alleging deprivations of his constitutional rights arising out of several incidents that occurred while Gevas was housed at Lawrence Correctional Center. *See Gevas v. Ryker,* Case No. 10-cv-0493-MJR (S.D.Ill.). Upon review of the complaint and analysis under *George v. Smith,* **507 F.3d 605, 607 (7th Cir. 2007) (separate, unrelated claims belong in different suits),** the Court severed certain unrelated claims and, on April 22, 2011, opened the instant action against Defendants Terrence Cox and Lisa Walters.

On February 20, 2013, Gevas, represented by counsel, moved to dismiss this action as to Defendant Walters, submitting that there is insufficient evidence to support a retaliation claim against her at this time. Gevas asks that dismissal be without prejudice in case new evidence surfaces in support of his claim at a future date.

Walters does not object to her dismissal but asks the Court to impose restrictions on Gevas's reinstating the case since she has answered, conducted

1

extensive discovery, including a number of depositions, and filed a Motion for Summary Judgment. The restrictions Walters seeks are that (1) Gevas pay all costs in this matter pursuant to Rule 41(d)(1) of the Federal Rules of Civil Procedure; (2) reinstatement be stayed pending the payment of all costs, in accordance with Rule 41(d)(2); and (3) discovery not be re-opened in any subsequent case. In the alternative, Walters asks that dismissal be with prejudice.

On February 22, 2013, Magistrate Judge Stephen C. Williams submitted a Report and Recommendation ("the Report"), pursuant to **28 U.S.C. § 636(b)(1)(B)**, regarding Gevas's motion for voluntary dismissal (Doc. 170). The Report recommends that the undersigned District Judge grant Gevas's motion to voluntarily dismiss all claims against Walters without prejudice and without costs assessed to either party. The Report also recommends that, should Gevas attempt to file a new claim based on these same allegations, the Court order Gevas to comply with the terms of Rule 41(d), in that he be ordered to pay all costs of the instant action and that the proceedings of the new case be stayed until he complies with the Court's Order. Finally, the Report recommends that Walters's request to keep discovery closed in any subsequent case be denied because nothing in the Rules provides for this condition.

The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within 14 days of service of the Report. Neither party has filed objections, and the period in which to file them has expired. Therefore, pursuant to **28 U.S.C. § 636(b)**, this Court need not conduct *de novo* review. ***Thomas v. Arn,* 474 U.S. 140, 149-52 (1985)**.

Accordingly, the Court **ADOPTS** the Report and Recommendation (Doc. 170) in its entirety, **GRANTS** Gevas's motion for voluntary dismissal of Defendant Walters (Doc. 164) and **DISMISSES** Walters from this action without prejudice. Should Gevas attempt to file a new claim based on these same allegations, he must comply with the terms of Rule 41(d), in that he shall pay all costs of the instant action and the proceedings of the new case shall be stayed until he complies with this Order. The action proceeds against the remaining Defendant, Terrence Cox.

IT IS SO ORDERED.

DATED this 13th day of March, 2013

s/Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge